UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DORETHA DIXON, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 07-227-RET-DLD** |
| **NAN YA PLASTICS CORPORATION, AMERICA, ET AL** | |

### REPORT AND RECOMMENDATION

This matter is before the court on plaintiffs' Motion to Remand (rec. doc. 8). The motion is opposed. At issue is whether the amount in controversy is sufficient to support diversity subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1), traditional diversity, or 28 U.S.C.§ 1332(d)(5)(B), the Class Action Fairness Act (CAFA).

*Background*

This class action for personal injuries sustained was removed from Louisiana state court, citing two bases of subject matter jurisdiction: diversity jurisdiction pursuant to 28 U.S.C. §1332, which requires complete diversity of citizenship and over seventy-five thousand ($75,000) dollars in controversy; and CAFA, pursuant to 28 U.S.C. § 1332(d)(2), which requires minimal diversity and an aggregate amount in controversy in excess of five-million ($5,000,000) dollars.

In their petition, the plaintiffs alleged that on March 3, 2006, the defendants discharged dangerous and noxious fumes from their plant site into the atmosphere, where it was carried by the wind into the plaintiffs' homes, school, and places of employment. The petition states that fumes and smoke caused the plaintiffs "to fear for their physical well being, and making them extremely uncomfortable and ill and/or exacerbating preexisting

illnesses and conditions."[1]  In addition, plaintiffs alleged that the Upper Pointe Coupee Elementary School had to be shut down, and the students evacuated.

There are approximately 500 named plaintiffs, in addition to, or including, (it is hard to discern which) a putative class of "all residents and property owners whose residences and property were contaminated and/or infiltrated by the hazardous and toxic fumes . . ."[2] The petition states that the "named petitioners are representatives [sic] parties of the class. . ." and that "it is estimated that there are no fewer than 600 members" of the class.[3]  The class is described as being "composed of all residents and property owners..."[4] The petition claims property damage and personal injury damages consisting of the following:

   A) mental and physical pain and suffering, past and future
   B) extreme mental anguish, past and future
   C) fear of contracting cancer or some other disease and/or ailment
   D) medical expenses, past and future
   E) lost wages and/or impairment of income earning capacity, past and future
   F) loss of enjoyment of life and/or loss of enjoyment of the use of their homes and/or property
   G) Any and all other damages which may be proven at trial and warranted under the premises.[5]

The petition states that while the defendants are liable for money damages, the damages "do not under any circumstances equal or exceed Seventy-five thousand Dollars and no cents ($75,000.00), exclusive of costs and interest as to either of the individual

---

[1] *Notice of Removal* (rec. doc. 1), "Petition for Damages-Class Action," ¶ 5.

[2] *Notice of Removal* (rec. doc. 1), "Petition for Damages-Class Action," ¶ 9.

[3] *Notice of Removal* (rec. doc. 1), "Petition for Damages-Class Action," ¶ 10, 11.

[4] *Notice of Removal* (rec. doc. 1), "Petition for Damages-Class Action," ¶¶ 8 and 9.

[5] *Notice of Removal* (rec. doc. 1), "Petition for Damages-Class Action," ¶ 7.

Petitioners or member of the class" and that "this action is not removable to federal court."[6] The petition also includes a prayer for costs and attorney fees.[7]

Defendant Nan Ya Plastics, America (Nan Ya) timely removed this action to federal court on diversity subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1), traditional diversity, or 28 U.S.C.§ 1332(d)(5)(B), the Class Action Fairness Act (CAFA).

### *Argument of Parties*

In their motion to remand, the plaintiffs argue that there is not a sufficient amount in controversy to satisfy either the minimum of 28 U.S.C. §1332(a)(1) -- seventy-five thousand ($75,000) dollars for at least one plaintiff, or the minimum of 28 U.S.C. §1332(d)(2) -- five-million ($5,000,000) dollars in aggregate damages. The plaintiffs do not contest that the parties are of diverse citizenship.

The plaintiffs' primary argument is that under either statute the burden of proof that the amount in controversy is satisfied is upon the removing defendant and the defendant has not introduced any evidence that the amounts are met. The plaintiffs argue that the "sole evidentiary basis for removal is the allegations cited in the plaintiff's petition,"[8] and the defendant's failure to cite an "independent basis" in support of a sufficient amount in controversy is the equivalent of its removal being based "upon conclusory allegations."[9] The plaintiffs acknowledge that *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864 (5th Cir.

---

[6] *Notice of Removal* (rec. doc. 1), "Petition for Damages-Class Action," ¶¶ 13, 14.

[7] *Notice of Removal* (rec. doc. 1), "Petition for Damages-Class Action," ¶ 15.

[8] *Memorandum in Support of Motion to Remand* (rec. doc. 9), p. 5.

[9] *Memorandum in Support of Motion to Remand* (rec. doc. 9), p. 5, citing *Allen v. R & H Oil*, 63 F.3d 1326, 1335 (5th Cir. 1995).

2002), held that attorney fees are included in determining the jurisdictional amount for purposes of diversity jurisdiction. However, the plaintiffs argue that they did not request attorney fees in this case, and even if they did, those fees would have to be allocated among the class representatives – the approximately 500 named plaintiffs. Therefore, no individual plaintiff's claim exceeds seventy-five thousand ($75,000) dollars, and diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1) does not exist. The plaintiffs also state that "the aggregate of their claims **do** exceed $5,000,000.00 inclusive of any attorney fees that may be awarded plaintiffs individually or in the aggregate." (Emphasis added). [10] The court will assume that this was a typographical error, and that the plaintiffs meant to argue that their aggregate claims do not exceed five-million ($5,000,000) dollars, or the motion to remand would be in bad faith.

In opposition to the plaintiffs' motion, the defendant argues that it is facially apparent that the amount in controversy for diversity jurisdiction is satisfied under either provision of 28 U.S.C. §1332. The defendant concedes that it has the burden of proof, by preponderance of the evidence, that the jurisdictional minimum is satisfied under either provision.

The defendant argues that under "traditional" diversity jurisdiction, 28 U.S.C. §1332(a)(1), the amount in controversy is satisfied if only plaintiff's claim exceeds seventy-five thousand ($75,000) dollars, and the court should exercise supplemental jurisdiction over the other claims, pursuant to *ExxonMobil Corporation v. Allapattah Services, Inc.*, 545 U.S. 546, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). The defendant also argues that

---

[10]*Memorandum in Support of Motion to Remand* (rec. doc. 9), p. 7.

plaintiffs have misinterpreted *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864 (5th Cir. 2002). Under *Grant*, attorneys fees are not divided among class representatives, but instead are considered "a single right in which the class representatives share a common and undivided interest; therefore, the allocation of the entirety of such fees to each representative is required for purposes of determining the amount in controversy."[11] Furthermore, defendant argues, the purpose of allowing class representation would be thwarted "if a class of 600 or more individuals required more than 500 representatives,"[12] and that the approval of class representatives is not determined by the plaintiffs, but by the court under Federal Rules of Civil Procedure 23.

In addition to traditional diversity jurisdiction, defendant argues that there is jurisdiction under CAFA, because the amount in controversy exceeds five-million ($5,000,000) dollars. Using the plaintiffs' numbers of a class consisting of a minimum of 600 persons, a minimal average per claimant of $8333.33 is required to meet CAFA's amount in controversy. If the plaintiffs include the 500 named plaintiffs as additional members of the class, then each of the 1100 member's average claim drops to $4545.45, both calculations without including attorney fees. Defendant cites two CAFA cases; damages due to a bridge closure,[13] where an average claim of $2,500 was found, and

---

[11]*Memorandum in Opposition to Motion to Remand* (rec. doc. 12), p. 7, citing *Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 1056 (1969).

[12]*Memorandum in Opposition to Motion to Remand* (rec. doc. 12), p.7.

[13]*Robinson v. Cheetah Transp.*, 2006 WL 468820, *2 (W.D. La. 2006).

damages due to a mercury release,[14] where the Fifth Circuit found that a class of at least 500, with attorneys' fees, met the jurisdictional minimum of CAFA.

***Applicable Law***

When a case is removed on the basis of traditional diversity jurisdiction, the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeded the statutory seventy-five thousand ($75,000) dollar jurisdictional amount at the time of removal. *Simon v. Wal-Mart Stores, Inc.*, 193 F. 3d 848, 850 (5th Cir. 1999).  In a class action claim, attorneys' fees may be imputed to a class representative and used in determining whether a claim exceeds the jurisdictional minimum.  *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864 (5th Cir. 2002).

While the Fifth Circuit has not definitively ruled on the burden of evidence for removal in a CAFA case, out of circuit jurisprudence indicates that the burden is, as in traditional diversity jurisdiction, preponderance of the evidence.[15] In satisfying the preponderance of the evidence burden, a showing only that the damages "could well exceed" the jurisdictional amount or that there is " some possibility"  that the plaintiff "could recover more" than the jurisdictional amount is insufficient to carry the removing defendant's burden. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995)*(De Aguilar II)*. The possibility that the plaintiff may in the future seek or recover more damages is insufficient to support federal jurisdiction at the time of removal. *De Aguilar II*, 47 F.3d at 1411. And a

---

[14] *Frazier v. Pioneer Americas, LLC*, 455 F.3d 542 (5th Cir. 2006).

[15] See *Abrego Abrego v. Dow Chemical*, 443 F.3d 676, 686 (9th Cir. 2006); *Miedema v. Maytag Corp.*, 450 F.3d 1322 (11th Cir. 2006), cited in plaintiffs' memorandum in support of remand.

requirement that the removing defendant show merely that the plaintiff could recover more than the jurisdictional amount is too permissive. *Id.* Rather, the defendant must establish that it was more likely than not that the jurisdictional amount in controversy requirement was satisfied at removal. *Allen*, 63 F. 3d at 1336.

The defendant may make this showing either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the seventy-five thousand ($75,000) dollar jurisdictional threshold; or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that the requisite amount was in controversy. *De Aguilar II*, 47 F.3d at 1412.

If the defendant fails to demonstrate that it is more likely than not that the requisite amount was in controversy, a mere conclusory allegation in the notice of removal that the amount in controversy exceeds the jurisdictional minimum is insufficient to sustain jurisdiction. See, e.g., *Asociacion Nacional de Pescadores a Pequena Escala O Artesenales de Colombia, (ANPAC) v. Dow Quimica de Colombia*, S.A., 988 F. 2d 559, 565-66 (5th Cir.1993). Furthermore, if the allegations in the state court petition and removal papers concerning the amount in controversy do not contain sufficient specificity and substance to support a finding that the jurisdictional amount requirement was satisfied at the time of removal, the Court may not consider facts developed after removal. *Simon*, 193 F. 3d at 851. The removing defendant may rely, however, upon submissions filed after removal, so long as the post-removal filing sets forth facts developed at the time of removal. *Simon*, 193 F.3d at 851, n. 10; *Allen*, 63 F.3d at 1335.

*Discussion*

In this matter, neither party submitted any evidence regarding the amount in controversy. Therefore, the issue is whether it is apparent, on the face of the petition, that either one of the named claimants' damages, when imputed with class attorney's fees, more likely than not exceeds seventy-five thousand ($75,000) dollars; or the aggregate amount in controversy more likely than not exceeds five-million ($5,000,000) dollars, including attorneys' fees.

For the reasons advanced by the defendant, the court finds that traditional diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1) is present in this matter. The defendant is correct that under *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864 (5th Cir. 2002), the imputed attorneys' fees are not divided among class representatives when determining the amount in controversy for jurisdictional purposes, as attorneys' fees are a common right of the class representatives, and may be divided in an equitable manner among them at the conclusion of the litigation. In any event, the court doubts that the District Judge will approve approximately 500 class representatives in the litigation. The court has not been made aware of any class action where there were 500 named representatives of the class. This would defeat the stated purpose of pursuing this matter as a class action, which petitioners argue is necessary because "the class is so numerous that the joinder of all individuals members herein is impractical."[16] Therefore, even if attorneys' fees were to be divided equally among class representatives, the court cannot base its analysis of amount in controversy by imputing attorneys' fees to 500 class

---

[16] *Notice of Removal* (rec. doc. 1), "Petition for Damages-Class Action," ¶ 10.

representatives. In any case, the court finds that the amount in controversy, as to at least one class representative, more likely than not exceeds seventy-five thousand ($75,000) dollars, when attorneys' fees are imputed.

Having found that jurisdiction pursuant to 28 U.S.C. §1332(a)(1) is present, it is not necessary to extensively discuss jurisdiction pursuant to 28 U.S.C. §1332(d)(1). However, adopting the defendant's arguments, which used the plaintiffs' numbers, a class consisting of a minimum of 600 persons would require a minimal average per claimant of $8333.33, and a class of 1100 members (the 500 named plaintiffs, plus an additional 600) would require a minimal average claim of $4545.45, without including attorney fees in either calculation.

The petition alleged that the plaintiffs were exposed to toxic and non-toxic "emissions, particulates, fumes, [and] odors,"[17] and that a school had to be evacuated. The petition prays for damages for mental and physical pain and suffering, mental anguish, fear of contracting cancer, medical expenses, lost wages and earning capacity, and loss of enjoyment of life and use of their homes and property. However, other than the evacuation of a school, the petition does not state whether any other evacuations were called, or for how long, or the length of exposure. It is also unclear the extent to which these fumes were dangerous, or merely annoying and nauseating, as the discharged fumes are described as "pungent, poisonous, nauseating and noxious," but the chemicals discharged are not named.

---

[17] *Notice of Removal* (rec. doc. 1), "Petition for Damages-Class Action," ¶ 2.

While the petition's allegations support a finding that *some* plaintiffs' damages more likely than not exceed four-thousand five-hundred forty-five and 45/100 ($4,545.45) dollars, or even eight-thousand three-hundred thirty-three and 33/100 ($8333.33) dollars, it is not facially apparent that the average award would more likely than not exceed eight-thousand three-hundred thirty-three and 33/100 ($8333.33) dollars, or even four-thousand five-hundred forty-five and 45/100 ($4,545.45) dollars.  Even disregarding an average award analysis, the court does not find, on the face of the petition, that more likely than not over five-million ($5,000,000) dollars, including attorneys' fees, is in controversy.  That is, there is no indication from the petition that any individual or group of individuals suffered such severe damages that the amount in controversy, including these severely damaged individuals, along with lesser damaged members of the class, would more likely than not exceed five-million ($5,000,000) dollars.

*Recommendation*

For the reasons given above,

**IT IS THE RECOMMENDATION** of the court that the plaintiffs' Motion to Remand (rec. doc. 8) be **DENIED**.

**IT IS THE FURTHER RECOMMENDATION** of the court that a scheduling conference be set for **January 24, 2007, at 11:00 a.m.**  The court will issue a separate

order for the scheduling conference.

        Signed in Baton Rouge, Louisiana, on November 15, 2007.

**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DORETHA DIXON, ET AL**            **CIVIL ACTION**

**VERSUS**                          **NUMBER 07-227-RET-DLD**

**NAN YA PLASTICS CORPORATION,
AMERICA, ET AL**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 15, 2007.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**